UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUBEN ALVAREZ )<br>)<br>Plaintiff, )<br>)<br>v. )<br>STRUCTURAL PRESERVATION )<br>SYSTEMS, LLC, a Foreign Limited, )<br>Liability Company, )<br>)<br>Defendant. ) | No: 1:15-cv-07292<br>Jury Demanded |

**COMPLAINT AT LAW**

**NOW COMES** the Plaintiff, RUBEN ALVAREZ, by his attorney, The Law Office of Terry Heady, and complaining against **STRUCTURAL PRESERVATION SYSTEMS, LLC** a foreign limited liablity company (hereafter "SPS") alleges as follows:

**JURISDICTION**

1. This is an action for violation of state and federal wage and hour laws by Plaintiff, who is a current employee of SPS. Plaintiff is a non-exempt employee who was required to work over 40 hours a week but denied overtime pay by SPS.

2. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Portal-to-Portal Act, 29 U.S.C. § 251, *et seq.*, the Illinois Minimum Wage Law, 820 I.L.C.S. § 105/1, *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 I.L.C.S. § 115/1, *et seq.* ("IWPCA"), for SPS's wilful failure to pay overtime wages to the Plaintiff..

1

**JURISDICTION AND VENUE**

3. This Court has original jurisdiction over this matter under 28 U.S.C. § 1331 because this case arises under the provisions of the FLSA, 29 U.S.C. § 201, *et seq.* There is supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

4. This Court may exercise personal jurisdiction over the Defendant under 735 I.L.C.S. § 5/2-209, because: (a) the causes of action here arise from SPS's transaction of business in Illinois; (b) SPS is a is a foreign limited liablity doing business in Illinois; and (c) exercising jurisdiction is permissible under the Illinois Constitution and/or the Constitution of the United States.

5. Under 28 U.S.C. § 1391, venue is proper in this District because: (a) a substantial part of the events and omissions giving rise to the claims occurred in this District; (b) there is personal jurisdiction in this District over Defendant SPS; and (c) presently and at all times, SPS has conducted substantial, continuous and systematic commercial activities in this District.

**PARTIES**

6. Plaintiff, RUBEN ALVAREZ, resides in Belvidere Illinois. He has been employed the Defendant since 1993.

7. Defendant SPS is specialty repair contracting company that provides structural repair, strengthening, waterproofing and protection, building envelope/facade repair, and geotechnical services for both historic and contemporary structures throughout the United States including Illinois. Structural is headquartered in in

Hanover, Maryland. Structural maintains an office at 925 Tollgate Road Elgin, Illinois. Under 28 U.S.C. §§ 1332 and 1348, Structural is a citizen of the State of Maryland.

**FACTS**

8. Plaintiff, Ruben Alvarez, began working as a laborer at SPS more than 10 years ago. When hired Plaintiff was required to work over 40 hours a week and was paid at an hourly rate and was paid overtime for all work over 40 hours worked during a week.

9. In approximately 2003, Plaintiff was promoted to foreman. In this position, the Plaintiff's work continued to be primarily skilled and unskilled manual labor. Plaintiff's job requires that he load and unload his truck, drive to and from construction sites, and perform carpentry, masonry and a variety of other construction related tasks.

10. When Plaintiff was promoted to foreman, he was placed on a salary was often required to work more than 40 hours a week. He was not paid overtime and continues to not be paid overtime for hours worked over 40.

11. As a foreman, Plaintiff was not in charge of any Department or Subdivision within the company. Plaintiff does not have an office at the company. Plaintiff does not sit in on operations meetings and does not make policy decisions for the company.

12. As a foreman, Plaintiff did not have the authority to hire or fire employees.

13. As a foreman, Plaintiff could not sign contracts on behalf of Structural. Plaintiff was almost always supervised by a project manager and/or superintendent.

3

14. Human Resource Personnel responsible for classifying Plaintiff's position as exempt under the FLSA never spoke with any foreman at the Elgin Branch to inquire about how much of their time was spent doing physical labor as opposed to administrative work.

15. In this way, SPS had policies, plans, common practices, procedures, protocols, routines, and rules that violated the overtime laws. Specifically, Defendant's Corporate, Division and Banch managers, with the knowledge and consent of SPS's corporate management, systematically violated the overtime laws of the United States and the overtime laws of the State of Illinois, in at least the following ways:

   a. SPS failed to pay Plaintiff overtime compensation for hours worked in excess of forty (40) hours per week;

   b. Structural failed to maintain accurate records of the time worked by the Plaintiff and similarly situated employees.

16. Plaintiff sustained substantial losses from SPS's failure to pay him overtime compensation.

17. Through its corporate management, Structural deliberately trained, supervised, instructed, and authorized managerial employees to engage in the above unlawful practices and have ratified their actions thereafter, in order to enhance corporate profits and reduce SPS's labor costs.

### COUNT I:

**FLSA Overtime Violations, 29 U.S.C. § 201,** *et seq.,*

18. Plaintiff realleges and incorporates by reference all previous paragraphs.

19. At all relevant times, Structural has been, and continues to be, an

4

"employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203. SPS has had gross operating revenues in excess of $500,000.

20. At all relevant times, Plaintiff was not exempt from the overtime wage provisions of the FLSA.

21. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek and continues to do so.

22. At all relevant times, SPS has had, and continues to operate under a common decision, policy and plan, program, practice, procedure, protocol routine and/or rule, under which it has willfully failed and refused to pay the Plaintiff at time-and-a-half rates for work in excess of forty (40) hours per workweek, and under which it has willfully failed to keep records required by the FLSA.

23. At all relevant times, SPS willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and-a-half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

24. Plaintiff seeks damages in the amount of the unpaid overtime compensation owing, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE,** Plaintiff, RUBEN ALVAREZ, prays for relief on this Count I as follows:

- A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;
- B. A finding that the Defendant has willfully violated the FLSA;
- C. An award of damages, according to proof, including liquidated damages,

    to be paid by Defendant;
D. An award of prejudgment and post-judgment interest, as provided by law;
E. An award of reasonable attorneys' fees and costs incurred; and
F. Such other and further legal and equitable relief as the Court deems necessary, just and proper.

## COUNT II.

**IWCPA Overtime Violations, 820 I.L.C.S. § 105/1,** *et seq.,* **and 820 I.L.C.S. § 115/14**

25. Plaintiff alleges this Count II in the alternative from Count I. Plaintiff realleges and incorporates by reference all previous paragraphs.

26. SPS is an employer as defined in the IMWL, 820 I.L.C.S. § 105/3(c), because it gainfully employs one or more employees within any given calendar year. Plaintiff is an employee as defined by 820 I.L.C.S. § 105/3(d).

27. At all relevant times, Plaintiff was not exempt from the overtime wage provisions of the IMWL.

28. Under the IMWL, 820 I.L.C.S. § 105, *et seq.*, employers must pay employees a wage for hours worked over forty (40) in a workweek at a rate of not less than one-and-one-half times the employee's regular hourly rate.

29. Pursuant to 820 I.L.C.S. § 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, he is entitled to be compensated at one-and-one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

30. SPS violated the IMWL by failing to compensate Plaintiff at one-and-one-half times his regular rate of pay for hours worked in excess of forty (40) hours per week.

31. Pursuant to 820 I.L.C.S. §§ 105/12(a) and 115/14(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

32. Because SPS incorrectly kept track of the hours worked by Plaintiff was not paid for some of the time that they worked. Pursuant to 820 I.L.C.S. § 115/14 of the IWPCA, Plaintiff is entitled to an award of damages for the hours for which SPS has not compensated him.

**WHEREFORE,** Plaintiff, RUBEN ALVAREZ prays for relief on this Count II as follows:

A. A declaratory judgment that the practices complained of herein are unlawful under IMWL and the IWPCA;
B. An award of damages, according to proof;
C. An award of punitive damages pursuant to the formula set forth in 820 I.L.C.S. §§ 105/12(a) and 115/14(a);
D. An award of prejudgment interest on the unpaid overtime wages in accordance with 815 I.L.C.S. § 205/2;
E. An award of reasonable attorneys' fees and costs incurred; and
F Such other and further legal and equitable relief as the Court deems necessary, just and proper.

s/Terry Heady
Attorney for Plaintiff

Terry Heady ID 6237278
Law Office of Terry Heady
54 West Downer Pl, Suite 106
Aurora, IL  60506
Tel. 630-892-8109
Fax. 630-216-6186
Terry@headylaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RUBEN ALVAREZ ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:15-cv-07292 |
| STRUCTURAL PRESERVATION ) | Jury Demanded |
| SYSTEMS, LLC, a foreign limited, ) | |
| liablity company, ) | |
| ) | |
| Defendant. ) | |

**JURY DEMAND**

Plaintiff hereby demand a jury trial.

Respectfully submitted,

s/Terry Heady
Attorney for Plaintiff

Terry Heady ID 6237278
Law Office of Terry Heady
54 West Downer Pl, Suite 106
Aurora, IL  60506
Tel. 630-892-8109
Fax. 630-216-6186
Terry@headylaw.com

8